IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:13-CV-0571-FL-RN

| | |
|---|---|
| JOHN G. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court on the parties' cross-Motions for Judgment on the Pleadings (D.E. 15, 19). The time for filing any responses or replies has expired and the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (D.E. 15) be GRANTED, that the Defendant's Motion for Judgment on the Pleadings (D.E. 19) be DENIED and that the Commissioner's final decision be vacated and remanded for further proceedings.

**I. BACKGROUND**

Plaintiff filed an application for disability insurance benefits on June 3, 2010, alleging a disability beginning on May 9, 2002. The claim was denied initially and upon reconsideration. A hearing was held on January 10, 2012 and, in a decision dated March 15, 2012, the ALJ denied Plaintiff's application. (Tr. at 9–17). The ALJ found that Plaintiff had the following severe impairments: hypertension; diabetes mellitus, coronary artery disease; cervical degenerative disc disease; and major depression. (*Id.* at 11). The ALJ also found that his impairments, alone or in

combination, did not meet or equal a Listing impairment. (*Id.*). The ALJ determined that Plaintiff had the RFC to perform sedentary work with the following limitations: can frequently perform tasks requiring fingering and handling, as well as frequent stooping, crouching, kneeling and crawling; and, due to a decrease in the ability to concentrate on and attend to work tasks, he can only do simple, routine, repetitive tasks. (*Id.* at 12). The ALJ determined that Plaintiff was unable to performing his past work, (*id.* at 20), but that considering his age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that he was capable of performing including: call out operator, order clerk and surveillance system monitor. (*Id.* at 17). Thus, the ALJ found that Plaintiff was not disabled. (*Id.*).

After unsuccessfully seeking review by the Appeals Council, Plaintiff commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g) on August 9, 2013. (D.E. 1).

## II. STANDARD OF REVIEW

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chafer*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the

claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

## III. ANALYSIS

Plaintiff asserts that the ALJ failed to properly consider the 2002 disability finding by the Veterans' Administration ("VA"). He notes that he served 20 years in the Air Force before working in the private sector. After suffering a heart attack in 2002, Plaintiff experienced cardiac symptoms, continuing through the date of his hearing. As a result of this condition, the VA found that Plaintiff had a 100 percent service-combined rating and that he was unemployable. The ALJ gave the VA disability finding little weight, noting that the VA used different factors than the SSA and that the VA's decision did not set forth the factors or evidence it considered.

After the ALJ made his decision, the Fourth Circuit issued its opinion in *Bird v. Commissioner of Social Security*, 699 F.3d 337 (4th Cir. 2012). In *Bird*, the Fourth Circuit noted

that the assignment "of at least some weight" to a VA disability determination is proper because both agencies "serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Bird*, 699 F.3d at 343. The court held that, in making a disability determination, the precise weight that the SSA must afford to a VA disability rating is "substantial weight." The court noted, however, that because the standards used for evaluating disability claims differ between the agencies, and because the effective dates of coverage under the two programs would likely vary, "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such deviation is appropriate." *Id.* Thus, a disability determination by another governmental agency, such as the VA, is not binding on the SSA, but it cannot be ignored. *See* 20 C.F.R. § 404.1504; SSR 06–03p, 2006 WL 2329939, at *6–7. Indeed, given the purpose of both programs and the medical documentation each requires, a disability finding by the SSA or VA is "highly relevant to the disability determination of the other." *Bird*, supra at 345. A fair reading of *Bird* suggests that, absent clear evidence to warrant a deviation from another agency's disability determination, as articulated by the ALJ, the other disability decision is entitled to substantial weight.

Here, the court is unable to conclude that the ALJ's analysis is supported by substantial evidence nor can it find that deviation from the VA ratings was appropriate. *Bird*, 699 F.3d at 343. As noted above, the ALJ gave little weight to the VA disability rating. In conclusory fashion, he found that the factors and evidence considered by the VA are not set forth in its decision. However, mindful of the joint purpose and evidentiary requirements for a disability finding by both the VA and the SSA, such a finding fails to properly consider the disability determination of another agency as required in light of the *Bird* decision. Additionally, the ALJ's reasoning that the VA and SSA utilize different factors in assessing disability is insufficient

4

grounds to dismiss the VA's findings. In determining that the Plaintiff had a 100% disability rating, the VA and the ALJ evaluated the same condition and much of the same evidence. Plaintiff avers that his cardiac issues, including hypertension and coronary artery disease, which were found to be severe impairments, continued from the time of the VA rating of 100% disabled through the date of the ALJ hearing. This parallels the Fourth Circuit's finding in *Bird*, where the court found that the VA rating decision "resulted from an evaluation of the same condition and the same underlying evidence that was relevant to the decision facing the SSA." *Id*. at 343. Inasmuch as the *Bird* court determined that remand was appropriate in such circumstances, so too is that relief warranted here. *See Lamb. v. Commissioner, Social Security,* No. 14-CV-886, 2014 WL 5704905 (D. Md. Nov. 4, 2014) (unpublished); *Wyche v. Colvin*, No. 4:13-CV-43, 2014 WL 1903106 (E.D. Va. April 30, 2014) (unpublished); *Cobbs v. Colvin*, No. 1:12-CV-3472, 2014 WL 468928 (D.S.C. Feb. 4, 2014) (unpublished); *Ladson v. Astrue*, No. 4:11–2565, 2013 WL 655971, at *9 (D.S.C. Feb. 22, 2013) (remanding matter based on ALJ's failure to afford significant weight to a VA rating decision or sufficiently explain why the giving of less weight would be appropriate) (unpublished).[1]

Accordingly, it is recommended that this matter be remanded for evaluation of the VA ratings in accordance with the standard set forth in *Bird*.

**IV. CONCLUSION**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (D.E. 15) be GRANTED, that Defendant's Motion for Judgment on the Pleadings (D.E. 19) be DENIED, and that the decision of the Commissioner be remanded for further proceedings.

---

[1] In finding remand is warranted, the court offers no opinion regarding the weight of the evidence to be considered on remand or whether a denial or grant of benefits under the correct legal standards would be supported by substantial evidence.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on this 12th day of December 2014.

<u>Robert T. Numbers, II</u>  
ROBERT T. NUMBERS, II  
UNITED STATES MAGISTRATE JUDGE